UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNIE GAINER
    Plaintiff,
v.

AMERICAN EXPRESS, INC.
a New York corporation,
BANK OF AMERICA,
a national banking association
CAPITAL ONE BANK USA, NA,
a foreign national association,
CHASE BANK USA, NA,
a national association,
CO-OP SERVICES CREDIT UNION,
a state chartered credit union,
FIRST NATIONAL BANK OF OMAHA,
a national association,
IBERIA BANK CORPORATION,
an Arkansas corporation
SPRINGLEAF FINANCIAL SERVICES, INC.,
a Delaware corporation  and
WESTERN SKY FINANCIAL, LLC,
a foreign limited liability company,
    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for her Complaint against the Defendants, pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

1

## PARTIES

3. The parties to this lawsuit are:

   a. Annie Gainer is the Plaintiff in this action. She resides the city of Detroit, Michigan in the County of Wayne. She is a "Consumer" as defined by the FCRA at 15 U.S.C. 1681a(c).

   b. American Express ("Amex") which is a New York corporation that maintains registered offices in Oakland County, Michigan. Amex is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b.

   c. Bank of America ("BOA") which is a national banking association that maintains registered offices in Utica, New York. BOA is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b.

   d. Capital One Bank, NA ("Capital One") which is a national banking association that maintains registered offices in Cook County, Illinois. Capital One is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b.

   e. Chase Bank USA, NA, which is a National Association that conducts business in Wilmington, Delaware. Chase is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b.

   f. Co-op Services Credit Union which is a State of Michigan chartered credit union that maintains offices in Wayne County Michigan. Co-op is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b;

   g. First National Bank of Omaha ("FNBO") which is a national banking association that maintains registered offices in Omaha, Nebraska. FNBO is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b.

h. Iberia Bank Corporation ("IBC") which is a national banking association that maintains registered offices in Little Rock Arkansas. IBC is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b.

i. Springleaf Financial Services, Inc. ("SFL") which is a Delaware corporation that maintains registered offices in Oakland County, Michigan. SFL is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b; and

j. Western Sky Financial, LLC ("Western Sky") which is a South Dakota company that conducts business in Timber Lake, South Dakota. Western Sky is a user of consumer reports as contemplated by the FCRA at 15 U.S.C. 1681b (collectively "Defendant Users")

## VENUE

4. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

## GENERAL ALLEGATIONS

5. This FCRA case involves several companies obtaining Plaintiff's Experian credit report without a federally permissible purpose.

6. Plaintiff is the victim of identity theft.

7. Sometime around January 2013, Plaintiff started receiving letters from companies such as American Express and Barclay's Bank regarding alleged delinquent accounts that did not belong to her.

8. On or about July 16, 2013, Ms. Gainer filed a police report with the Detroit Police Department regarding accounts that were opened in her name. At that time, she did not know who stole her identity.

9. In November 2013, Plaintiff started receiving phone calls from American Express, Barclay's Bank, US Bank, and GE Capital regarding outstanding balances on these accounts that she allegedly owed.

10. She consequently obtained her Trans Union and Experian credit reports.

11. Her Experian credit report dated November 15, 2013 contained 3 trade lines that did not belong to her, as well as several inquiries from companies with which Plaintiff had never transacted any business.

12. Plaintiff's Trans Union credit report dated November 18, 2013 contained 3 trade lines related to accounts that did not belong to her.

13. On or about December 19, 2013, Plaintiff, through Michigan Consumer Credit Lawyers, sent Trans Union a letter disputing the following trade lines:

    a. Barclays Bank Delaware, Account Number: 00017308036****;

    b. GECRB/Mohawk, Account Number: 601921071924****; and

    c. US Bank RMS CC, Account Number: 403784005105****.

14. That same day, she sent Experian a similar letter disputing the following trade lines:

    a. Barclays Bank Delaware, Account Number: 00017308036….;

    b. GE Capital/Mohawk, Account Number: 601921071924….; and

    c. US Bank, Account Number: 403784005105….

15. On or about December 20, 2013, Ms. Gainer letters to the following companies who obtained her Experian credit report, inquiring as to the reason for their having done so:

4

a. Chase. It obtained Plaintiff's Experian credit report on January 14, 2013 and May 12, 2013. To date, neither Plaintiff nor Michigan Consumer Credit Lawyers have received a response back from it.

b. Capital One US Card. It obtained Plaintiff's Experian credit report on January 21, 2013. To date, neither Plaintiff nor Michigan Consumer Credit Lawyers have received a response back from them.

c. First National Bank of Omaha. It obtained Plaintiff's Experian credit report on March 25, 2013 and May 4, 2013. To date, neither Plaintiff nor Michigan Consumer Credit Lawyers have received a response back from them.

d. Co-Op Services Credit Union. It obtained Plaintiff's Experian credit report on March 28, 2013.  On or about December 31, 2013, Michigan Consumer Credit Lawyers received a response from Co-Op Services Credit Union stating that Plaintiff applied for a Visa Platinum Credit Card through their internet application on March 28, 2013. The letter also stated that Plaintiff was made aware of the approval on March 28, 2013 but the Visa was never closed. Ms. Gainer never applied for this Visa Platinum Credit Card.

e. Iberia Bank. It obtained Plaintiff's Experian credit report on March 28, 2013.  On or about January 3, 2014, Iberia Bank sent a response in which it included a Visa Card application that it received on March 28, 2013.

f. American Express obtained Plaintiff's Experian credit file on May 12, 2013.

g. Western Sky obtained Ms. Gainer Experian credit report on May 12, 2013. To date, Plaintiff has not received a response back from it.

5

    h.  Springleaf Financial Services. It obtained Plaintiff's Experian credit file on May 14, 2013.  On or about January 21, 2014, Michigan Consumer Credit Lawyers received a letter from Springleaf falsely stating that Plaintiff submitted a loan application to it on May 14, 2013 and a second loan application on May 22, 2013.

    i.  Bank of America obtained Plaintiff's Experian credit file on May 26, 2013. To date, neither Plaintiff nor Michigan Consumer Credit Lawyers have received a response back from them.

16. On or about January 6, 2014, Trans Union sent Michigan Consumer Credit Lawyers results of the dispute. Trans Union deleted all of the disputed trade lines.

17. Experian has yet to respond to Ms. Gainer's dispute letter.

### COUNT I: VIOLATION OF THE FCRA BY USERS— NEGLIGENTLY AND/OR KNOWINGLY OBTAINING A CONSUMER REPORT WITHOUT A PERMISSIBLE PURPOSE

18. Plaintiff incorporates the preceding paragraphs.

19. Plaintiff never applied for credit with Defendant Users.

20. Defendant Users never had any federally permissible purpose as listed at 15 U.S.C. 1681b to obtain the Plaintiff's consumer credit reports from any credit reporting agency.

21. Defendant Users acted willfully and/or negligently in requesting and obtaining Plaintiff's credit report without a federally permissible purpose as required by 15 U.S.C. 1681b.

22. Defendant Users have therefore violated Plaintiff's rights under 15 U.S.C. §1681b(f).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in her favor and against Defendant Users as follows:

a. pursuant to 15 U.S.C. § 1681n(a) (1) (B), award her actual or statutory damages, or $1,000 for each access of her credit report obtained by false pretenses, whichever is greater;

b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d. pursuant to 15 U.S.C. § 1681o award her actual damages, plus costs, interest and attorneys' fees; and

e. grant such other and further relief as the court deems just and proper.

### COUNT II: VIOLATION OF THE FCRA BY DEFENDANT USERS – FALSELY CERTIFYING OR FAILING TO CERTIFY THE PURPOSE FOR WHICH THEY INTENDED TO USE PLAINTIFF'S CONSUMER CREDIT REPORTS.

23. Plaintiff incorporates the preceding paragraphs.

24. Defendant Users were required to certify the purpose for which they intended to use the Plaintiff's consumer credit report in compliance with the FCRA at 15 U.S.C. 1681e.

25. Defendant Users never had any federally permissible purpose to obtain the Plaintiff's consumer credit report and hence, were never in a position to certify to any credit reporting agency that they had a right to pull her credit report for any reason.

26. Nevertheless, the Defendant Users obtained the Plaintiff's consumer credit reports. Chase obtained the Plaintiff's credit report from Experian and Discover obtained the Plaintiff's credit report from Equifax.

27. Defendant Users either falsely certified to the Experian and Equifax that they had a federally permissible purpose for which to obtain the Plaintiff's consumer credit report or either or both Defendant Users failed to provide such certification as required by 15 U.S.C. 1681b(f)(2).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in her favor and against Defendant Users as follows:

a. pursuant to 15 U.S.C. § 1681n(a) (1) (B), award her actual or statutory damages, or $1,000 for each access of her credit report obtained by false pretenses, whichever is greater;

b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d. pursuant to 15 U.S.C. § 1681o award her actual damages, plus costs, interest and attorneys' fees; and

e. grant such other and further relief as the court deems just and proper.

**COUNT III – INVASION OF FINANCIAL PRIVACY BY DEFENDANTS**

28. Plaintiff incorporates the preceding paragraphs.

29. Plaintiff's credit information is private. She has a right to privacy of that information as promulgated in the FCRA.

30. The Defendant Users, in contravention of the FCRA, obtained the Plaintiff's private credit information

31. Plaintiff has been damaged by the Defendants' invasion of Plaintiff's private consumer credit information.

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in her favor and against defendants as follows:

a. award her actual damages, costs, interest and attorneys' fees;

b. declare and order that Defendants' conduct in obtaining his credit report without a permissible purpose is a violation of the FCRA;

c. order preliminary and permanent injunctive relief enjoining and restraining Defendant Users from keeping or publishing the illegally obtained credit report(s), or requesting new reports; directing Defendant Users to return to Plaintiff all copies or abstracts of her consumer report or any information contained therein; and

d. grant such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

February 6, 2014        /s/ Gary Nitzkin
                        GARY D. NITZKIN (P 41155)
                        TRAVIS SHACKELFORD P68710
                        NITZKIN & ASSOCIATES
                        Attorneys for Plaintiff
                        22142 West Nine Mile Road
                        Southfield, MI 48033
                        (248) 353-2882
                        Fax (248) 353-4840
                        Email – gnitzkin@creditor-law.com